1 | BENJAMIN B. WAGNER
  | United States Attorney
2 | JEAN M. HOBLER
  | Special Assistant U.S. Attorney
3 | 501 I Street, Suite 10-100
  | Sacramento, CA 95814
4 | Telephone: (916)554-2700

5 | Attorneys for Plaintiff
  | United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 2:09-CV-02717-GEB-DAD |
|---|---|---|
| Plaintiff, | ) | STIPULATION TO STAY |
| | ) | FURTHER PROCEEDINGS |
| v. | ) | AND ORDER |
| APPROXIMATELY $18,753.61 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 2503034494 HELD IN THE NAME OF SENG K. HUON, and | ) | |
| APPROXIMATELY $10,000 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 5205402760 HELD IN THE NAME OF SENG K. HUON | ) | |
| Defendant. | ) | |

Plaintiff United States of America, and Claimant Seng Huon ("Claimant") hereby stipulate that a stay is necessary in the above-entitled action, and request that the Court enter an order staying all further proceedings for a period of six months pending the outcome of a related criminal investigation regarding Claimants. The Stipulation to Stay is based upon the following:

  1.  On September 29, 2009, plaintiff filed a Complaint for Forfeiture *In Rem* against the above-captioned funds seized from

Claimant.  Claimant filed a claim to the defendant funds on November 16, 2009.

2. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2).  Plaintiff contends that Claimant structured transactions by conducting currency deposits with the intent to cause or attempt to cause a domestic financial institution to fail to file a Currency Transaction Report, and that the defendant funds are therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeitures in money laundering cases pursuant to 18 U.S.C. § 981(a)(1)(A).  As an alternate theory, plaintiff alleges that Claimant structured currency deposit transactions by breaking them into amounts at or below $10,000 to avoid the currency transaction requirement, and that the defendant funds are therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeitures in money laundering cases pursuant to 18 U.S.C. § 981(a)(1)(A).

3. To date Claimant has not been charged with any criminal offense by state, local, or federal authorities, and the statute of limitations has not expired on potential criminal charges relating to the structuring offenses underlying this forfeiture case.  Nevertheless, plaintiff intends to depose Claimant regarding his involvement in structuring currency transactions and to demand production of documents from Claimant regarding the same.  If discovery proceeds at this time, Claimant will be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to pursue his

claims to the defendant funds, or waiving his Fifth Amendment right and submitting to a deposition and document production and potentially incriminating himself.  If he invoke his Fifth Amendment rights, plaintiff will be deprived of the ability to explore the factual basis for the claim Claimant filed with this court.

4.  In addition, Claimant may wish to depose law enforcement officers who were involved in the investigation.  Allowing depositions of the law enforcement officers would adversely affect the ability of the United States to conduct its related criminal investigation.

5.  Accordingly, the parties contend that proceeding with this action at this time has potential adverse affects on the investigation of the underlying criminal conduct and/or upon the Claimant's ability to prove his claim to the property and to assert any defenses to forfeiture.  For these reasons, the parties jointly request that this matter be stayed for six months.  At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

6.  The parties request that the status conference currently scheduled for February 1, 2010, is rescheduled for September 20, 2010, at 9:00 a.m.  A joint status report is to be filed fourteen days prior to the hearing.

DATED:  _____                    BENJAMIN B. WAGNER
                                        United States Attorney


                                        _____
                                        JEAN M. HOBLER

```
                                        Special Assistant U.S. Attorney


DATED: _____          _____
                                SENG HUON, Claimant (in pro per)
```

### ORDER

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for a period of six months. The status conference currently scheduled for February 1, 2010, is vacated and will be rescheduled to September 20, 2010, at 9:00 a.m. at which time the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated:  January 20, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge