1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                  FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,           )
                                         )    2:09-cv-02717-GEB-DAD
8                    Plaintiff,          )
                                         )
9          v.                            )    ORDER DENYING MOTION TO BE
                                         )    RELIEVED AS COUNSEL OF
10   APPROXIMATELY $18,753.61 IN U.S.    )    RECORD*
     CURRENCY SEIZED FROM WELLS FARGO    )
11   BANK ACCOUNT NUMBER 2503034494,     )
     HELD IN THE NAME OF SENG K.         )
12   HUON, and                           )
                                         )
13   APPROXIMATELY $10,000.00 IN U.S.    )
     CURRENCY SEIZED FROM WELLS FARGO    )
14   BANK ACCOUNT NUMBER 5205402760,     )
     HELD IN THE NAME OF SENG K.         )
15   HUON,                               )
                                         )
16                   Defendants.         )
     _____)

17

18          Attorney Wiseman moves to be relieved as counsel of record for

19   Claimant Seng K. Huon. (Mot. to Be Relieved as Counsel of Record

     ("Mot."), ECF No. 34.) Attorney Wiseman filed a declaration in support
20
     of the motion. (Decl. of Joseph J. Wiseman in Support of Mot. ("Decl."),
21
     ECF No. 34-1.)
22
            Local Rule 182(d) prescribes in pertinent part:
23
            [A]n attorney who has appeared may not withdraw
24          leaving the client in propria persona without leave
            of court upon noticed motion and notice to the
25          client and all other parties who have appeared. The
            attorney shall provide an affidavit stating the
26          current or last known address or addresses of the

27    _____

28          * This matter is deemed suitable for decision without oral argument.
     E.D. Cal. R. 230(g).

client and the efforts made to notify the client of the motion to withdraw.

E.D. Cal. R. 182(d). Attorney Wiseman's motion is supported by his declaration, in he declares: "I have had no communication with Claimant in over two years and Claimant's whereabouts are presently unknown to me," and "I wrote to claimant on March 29, 2011 and again on May 2, 2011, but the May 2, 2011 letter was returned to my office as undeliverable." (Decl. 2:1-5.) However, Attorney Wiseman has not indicated why he did not try to communicate with his client subsequently. Further, Attorney Wiseman has neither established that he made sufficient recent efforts to communicate with Claimant at the address he opines was the place where the client last resided, nor shown that he cannot provide the Court with an address at which the Court and the government could attempt to communicate with Claimant. Since Attorney Wiseman's declaration neither "stat[es] the current or last known address or addresses of [Claimant]" nor states "the efforts made to notify [Claimant] of the motion to withdraw," his motion is denied. E.D. Cal. R. 182(d).

Further, the hearing scheduled to commence at 9:00 a.m. on May 6, 2013, is vacated.

Dated:  April 24, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge