BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:09-CV-02717-GEB-DAD |
| Plaintiff, | |
| v. | UNITED STATES'S REQUEST TO EXTEND DISCOVERY DEADLINE; ORDER |
| APPROXIMATELY $18,753.61 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 2503034494, HELD IN THE NAME OF SENG K. HUON,   and | |
| APPROXIMATELY $10,000.00 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 5205402760, HELD IN THE NAME OF SENG K. HUON, | |
| Defendants, | |

The United States requests that the Court extend the discovery deadline in this case to January 31, 2014.

## Introduction

On September 29, 2009, the United States filed a verified civil forfeiture complaint against the above-captioned currency (the "defendant currency"), alleging that the defendant currency was involvement in violations of currency transaction reporting laws (18 U.S.C. § 984 and 31 U.S.C. §  5317(c)(2) for violations of 31 U.S.C. § 5324(a)(1),(3)).

The case was stayed by stipulation of the parties in January 2010.  Doc. 12.  In September 2010, the case was referred to the Magistrate Judge because Claimant Seng K. Huon ("Claimant") was proceeding in pro per.  Doc. 16.  On January 11, 2011, after Claimant retained counsel, the case was referred back to the District Court.  Doc. 24.

On January 9, 2013, the Court issued a minute order setting a scheduling conference.  Doc. 26.  On February 14, 2013, the parties submitted a Joint Status Report in which the parties no longer requested a stay of the case.  Doc. 28.

On March 28, 2013, the Court issued a pre-trial scheduling order in the case setting certain dates and deadlines.  Doc. 35.  The order set an October 31, 2013 discovery deadline, among other dates and deadlines.  Id.

On July 25, 2013, the United States served discovery requests on Claimant, through Claimant's counsel, Joseph Wiseman.  Mr. Wiseman was unable to respond to discovery because he could not reach his client.  Mr. Wiseman's difficulties in reaching Claimant are summarized in Mr. Wiseman's motion to be relieved as counsel (including Mr. Wiseman's belief that Claimant is no longer residing in the United States and is now living in Cambodia).  Doc. 40 at 2:25-28.  On November 5, 2013, the Court granted Mr. Wiseman's motion to be relieved as counsel.  Doc. 43.

In light of the Court's recent order granting Mr. Wiseman's motion to withdraw, the United States seeks leave to re-serve discovery on Claimant.  The United States believes that given the fact that Claimant may now be living in Cambodia, Claimant may no longer be pursuing this case.  If that is the true, and if Claimant does not respond to the United States' discovery requests, the United States will file a motion to strike Claimant's claim under Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims.  Such a motion to strike may dispose of this case and obviate the need for trial, the associated pretrial conferences and filings, and other unnecessary burdens on the Court.  The United States therefore requests that the Court extend the discovery deadline to January 31, 2014.

///

Request to Extend Discovery Deadline

.**Good Cause**

Given the aforementioned facts, the United States believes there is good cause to extend the deadline to complete discovery in this case to January 31, 2014, or to a date the Court deems appropriate.

Dated: November 15, 2013  BENJAMIN B. WAGNER
United States Attorney

/s/ Jeffrey A. Spivak
JEFFREY A. SPIVAK
Assistant U.S. Attorney

[PROPOSED] ORDER

The Court finds that there is good cause to extend the discovery deadline in this case to January 15, 2014. IT IS SO ORDERED.

Dated: November 18, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge